IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KAREN WILKERSON §<br>And JOLIE SMITH §<br>§<br>Plaintiffs §<br>§<br>v. §<br>§<br>KAREN PHILLIPS, §<br>In her official capacity as the Clerk for §<br>Smith County §<br>§<br>Defendant § | | CIVIL ACTION NO. 6:15-cv-00606<br><br>JUDGE _____ |

PLAINTIFFS' MEMORANDUM IN
SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL

Plaintiffs ask the Court to dismiss their suit against defendant, as authorized by Federal Rule of Civil Procedure 41(a)(2).

A. INTRODUCTION

1. Plaintiffs are KAREN WILKERSON and JOLIE SMITH; Defendant is KAREN PHILLIPS, in her capacity as Clerk of Smith County, Texas.

2. On June 26, Plaintiffs sued Defendant for a Preliminary Injunction, or In the Alternative, for a Temporary Restraining Order.

B. ARGUMENT

3. A court should freely grant a motion for voluntary dismissal as long as the nonmovant will not be prejudiced. *Versa Prods., Inc. v. Home Depot, USA Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004); *see* Fed. R. Civ. P. 41(a)(2); *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947).

4. Plaintiffs seek a dismissal because Defendant complied with the ruling set out in

*Obergefell v. Hodges*, S.Ct. (June 26, 2015), an opinion of the Supreme Court of the United States.

5.  Plaintiffs diligently moved for dismissal as soon as it became apparent that dismissal was necessary. *See Ohlander v. Larson*, 114 F.3d 1531, 1538 (10th Cir. 1997).

6.  Defendant will not be prejudiced by the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255-56 (11th Cir. 2001); *see Cnty. of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1049-50 (10th Cir. 2002).

7.  Plaintiffs requests that the dismissal be without prejudice to refiling the suit.

8.  Defendant has not filed a counterclaim.

### C. CONCLUSION

9.  On June 26, 2015, Plaintiffs sought a marriage license at the office of Defendant based upon the ruling by the United States Supreme Court issued that day holding that the fundamental right to marry is guaranteed to same-sex couples by both Due Process and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The Defendant refused to oblige the request and comply with federal law solely on the stated ground that the state issued form had separate sections for a "male" or "man" and "female" or "woman," i.e. the chosen form only accommodated opposite sex couples. Subsequently, over the weekend, the State of Texas edited and made available all forms. On June 29, 2015, Defendant complied with a second application and federal law.

For these reasons, plaintiff asks the Court to dismiss the suit without prejudice to

refilling.

        Respectfully Submitted,

        */s/ Blake Bailey*
        Blake Bailey
        Bailey Law Firm
        121 N Spring Ave
        Tyler, TX 75702
        903.593.7660
        blake@bailey-law.com
        01541500